*Benjamin W. Smith & Theodore F. Tillinghast*, for plaintiff.

    *Francis W. Miner & William G. Roelker*, for defendants.

---

PETITION OF WINTHROP C. DURFEE *et al.* for an Opinion of the Court.

A testatrix by the first clause of her will gave her entire estate to her sister S., "in manner following: In case of the death of my sister S., I give all my possession, except what is hereinafter named, to my sister E., to have and to hold during her life, and after her death all to go to her three daughters." The second, third, and fourth clauses of the will contained pecuniary legacies. The sister S. survived the testatrix.

*Held*, that S. was entitled absolutely to the whole estate left by the testatrix after payment of debts, funeral expenses, and the lawful charges of settling the estate.

CASE STATED for an opinion of the court under Pub. Stat. R. I. cap. 192, § 23.

Amanda S. Miller of Pawtucket died April 27, A. D. 1890, leaving the following will, which was duly proved. The parties in interest presented this petition to construe this will.

In the name of God I consider it right and just that I, Amanda S. Miller, of Pawtucket, State of Rhode Island, being a single woman of sound and disposing mind and memory, do make and ordain this my last will and testament in manner following: —

First. I give, devise, and bequeath to my sister, Sarah M. S. Miller, her heirs and assigns, all my estate, both real and personal, of whatsoever name or nature, or wherever it may be found, after the payment of my just debts and funeral charges, in manner following:

In case of the death of my sister, Sarah M. S. Miller, I give all my possession, except what is hereinafter named, to my sister, Eliza-

beth S. Whitney, to have and to hold during her life, and after her death all to go to her three daughters, Annie, Mary, and Silvia.

Second. I give to my brother Daniel's children, William K. Miller, five hundred dollars, also to Addie Slichter five hundred dollars.

Third. I give to my brother Horace's children the sum of one dollar each.

Fourth. I give and bequeath to the town of Pawtucket the sum of two hundred dollars, to be used for perpetual care of our lot in Mineral Spring Cemetery.

Signed, sealed, etc.,

AMANDA S. MILLER. [SEAL.]

I appoint as executors
    ANNIE R. WHITNEY,
    MARY WHITNEY,
    SYLVIA WHITNEY,
    SIMON B. WHIPPLE,
    NANCY M. WHIPPLE,
    MARTHA W. WHIPPLE.

*February* 13, 1892. DOUGLAS, J. The difficulties of construction arise from the repetition of the words " in manner following," at the end of the devise to Sarah M. S. Miller, and from the arrangement of the will in numbered paragraphs.

From the occurrence of the words quoted arises the implication that some of the after provisions were intended to modify or limit the gift in fee to Sarah. But these words must be much distorted from any ordinary use of them to make them refer to anything following in the will. There are no subsequent provisions which refer to the gift to Sarah. All following gifts are contradictory or substitutionary to that, not explanatory of it. If they mean " except in the contingency following," then the second clause takes precedence of the first and, as soon as it takes effect at all, supersedes the gift to Sarah entirely, for the whole estate is given to Sarah, and the whole estate is otherwise disposed of in the subsequent clauses of the will.

We may suppose that these words were an inadvertent repetition by the scrivener, copied from the termination of the introductory clause of the will which next precedes, where they are

usual and appropriate ; but, whether they were so or not, the result at which we must arrive is the same. If they have no meaning and are disregarded, the following parts of the will must be given their legal effect; if they incorporate the subsequent provisions as a limitation upon the first clause, they can give these subsequent provisions no additional power.

The second provision, immediately following the gift in fee to Sarah, commences : " In case of the death of my sister, Sarah M. S. Miller, I give all my possession[s], except what is hereinafter named, to my sister, Elizabeth S. Whitney," etc., etc., and then follow pecuniary legacies to relatives and to the town of Pawtucket. These pecuniary legacies are severed from the estate, and the rest of it is given to Elizabeth S. Whitney for life, with remainder to her daughters, but all this " in case of " the death of Sarah. These words " in case of," which condition the gift to Mrs. Whitney and her children, apply equally to " what is hereinafter named ; " that is to say, all the subsequent gifts. The paragraphing of the will can have little force to controvert this construction. Like punctuation, it must be disregarded when it obscures or conflicts with the tenor of the whole instrument. *Arcularius* v. *Sweet*, 25 Barb. S. C. 403, 406.

Are these diverse dispositions of the whole estate successive in time of enjoyment, as a life estate and a remainder, or are they alternative or substitutionary, so that one or the other exclusively shall take effect at the death of the testatrix ? We think that the gift to Mrs. Whitney and her daughters and all the pecuniary legacies are given in substitution for the gift in fee simple of the whole estate to Sarah, and that this substitution is to take place only " in case of the death " of Sarah before the testatrix.

The words " in case of " imply contingency ; but as the death of any person is certain to occur, the contingency contemplated must be death with reference to some particular time, " and such time," says Mr. Jarman, " where the bequest is immediate, *i. e.* in possession, necessarily is the death of the testator, there being no other period to which the words can be referred." 3 Jarman on Wills, 605. The rule applies equally to real estate if the prior devise passes a fee. 3 Jarman on Wills, 607, n. 4 ; Hawkins on Wills, *256, and cases cited.

As Sarah M. S. Miller survived the testatrix, she is therefore entitled absolutely to the whole estate left by her sister, Amanda S. Miller, subject to the payment, of debts and funeral expenses and the lawful charges incurred in the settlement of the estate.

This construction seems also in accord with what the testatrix may reasonably be supposed to have desired.

If the unmarried sister, who had lived with the testatrix for many years and who was her cotenant should survive, it seems reasonable that the property should be so left as to be available for her necessities, and that she should be intrusted with the ultimate disposition of what should remain, either in accordance with the wishes expressed in the alternative provisions of the will or otherwise as circumstances should require. But in case this sister should not survive to need the estate and finally to dispose of it, it was necessary to specify the dispositions which the testatrix wished to secure.

*Stephen A. Cooke, Jun., Louis L. Angell & Thomas P. Barnefield,* for different petitioners.